765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
D. ELAINE BORST, INDIVIDUALLY AND AS REPRESENTATIVE OF A
CLASS, PLAINTIFF-APPELLANT,
v.
UNITED BENEFIT LIFE INSURANCE COMPANY, STATE OF MICHIGAN,
MICHIGAN DEPARTMENT OF CIVIL SERVICE, AND STATE OF
MICHIGAN PERSONNEL DIRECTOR, DEFENDANTS-APPELLEES.
 NO. 84-1285
 United States Court of Appeals, Sixth Circuit.
 5/16/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MARTIN and KRUPANSKY, Circuit Judges; and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 D. Elaine Borst, the plaintiff, is the designated beneficiary under a group life insurance policy and a group accident insurance policy issued by United Benefit Life to the state of Michigan. The insured was Borst's brother, Lawrence E. Ottney, Jr., who worked for the Michigan Department of Correction until 1980. Mr. Ottney retired in 1980 because of heart disease, and he died of a heart attack on July 15, 1981. United Benefit Life paid the plaintiff $28,000 under the group life insurance company but refused to pay $50,000 under the group accident insurance company because Ottney did not die from an accidental injury arising in the course of his employment within 180 days from the date of the accident.
 
 
 2
 On March 30, 1983, Borst filed a state action to obtain the $50,000 of benefits under accidental death policy. This complaint was dismissed by the state circuit court, and this dismissal was affirmed by the Michigan Court of Appeals. On January 31, 1984, Borst filed this action in federal court, alleging that the insurance company's refusal to pay somehow stated a claim under 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 1985. The district court dismissed the complaint upon a motion to dismiss by the state and upon a motion for summary judgment by United Benefit Life. We affirm.
 
 
 3
 The plaintiff clearly does not state a cause of action under section 1983. To state a cause of action under section 1983, the defendants must have deprived the plaintiff of some federal right under color of state law. The insurance company was in no way acting under color of state law; it simply claimed that it was not contractually liable to the plaintiff under the policy. Just because the insured was a state employee does not make section 1983 applicable. The state not only was not acting under state law; it had nothing to do with this dispute. This case is only a contractual dispute between Borst and United Benefit Life and the state is only remotely involved as the insured's employer.
 
 
 4
 Borst also fails to state a claim under 42 U.S.C. Sec. 1985. Under that section, the plaintiff would have to show racial or otherwise class-based invidiously discriminatory animus. Griffin v. Breckinridge, 403 U.S. 88, 102 (1971). The plaintiff has made no such allegation in this case.
 
 
 5
 In sum, the plaintiff's case has completely no basis in federal law. The district judge carefully explained to the plaintiff the flaws in her analysis, yet the plaintiff has chosen to pursue this appeal when it was apparent that her case did not have even a modicum of legal support. Such an appeal is not only an unnecessary burden for the parties involved, but it is detrimental to the administration of justice as a whole.
 
 
 6
 Judgment affirmed.
 
 
 
 *
 Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation